# United States District Court

### for the

# District of Alaska

RECEIVED

MAR 2 9 2006

CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

### Petition for Warrant or Summons for Offender Under Probation

Name of Offender: Dustin L. Armstrong        Case Number: 4:06-cr-00018 TWH

| | |
|---|---|
| Sentencing Judicial Officer: | The Honorable G. Mallon Faircloth, U.S. Magistrate Judge, for the Middle District of Georgia, Columbus Division. |
| Date of Original Sentence: | June 24, 2005 in the Middle District of Georgia, Columbus Division |
| Original Offense: | Possession of Marijuana in violation of 21 U.S.C. 844 |
| Original Sentence: | 12 months probation, a $25 special assessment and $250 fine |
| Date Supervision Commenced: | June 24, 2005 |

Spec. Asst. U.S. Attorney: Rebecca Connally        Defense Attorney: Waived
(Fort Benning, Georgia)

## PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about September 22, 2005, at or near Denver, Colorado, the defendant committed the offense's of Driving without Driver's License and Underage Possession/Consumption of Alcohol .   This is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "You shall participate in a program approved by the U.S. Probation Officer for substance abuse testing and, if necessary, treatment for drug/alcohol addiction and /or dependency," in that on or about December 27, 2005, at or near Fairbanks, Alaska, the defendant failed to comply with drug testing.   This is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision number three, "The defendant shall answer truthfully all inquiries by the probation officer," in that on or about January 5, 2006, the defendant failed to answer truthfully when questioned by the probation officer.   This is a Grade C violation |

*Petition for Warrant or Summons*
*Dustin L. Armstrong*

4    The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally posses a controlled substance," in that on or about January 9, 2006, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of marijuana. This is a Grade C violation.

5    The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about February 2, 2006, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of opiates. This is a Grade C violation.

6    The defendant has violated Standard Condition of Supervision number three, "The defendant shall answer truthfully all inquiries by the probation officer, in that on or about February 2, 2006, at or near Fairbanks, Alaska, the defendant failed to answer truthfully when questioned by the probation officer. This is a Grade C violation.

7    The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about February 25, 2006, at or near Fairbanks, Alaska, the defendant failed to notify the probation officer ten days prior to any change in residence. This is a Grade C violation.

8    The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance", in that on or about March 2, 2006, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of marijuana. This is a Grade C violation.


U.S. Probation Officer Recommendation:

   The term of probation should be:

      [X]    Revoked
      [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of probation should be modified as follows:

Respectfully submitted,

Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: March 28, 2006

Approved by:

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ✓ ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service, and the petition,
probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and
disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.*

[  ]    The issuance of a summons.

[  ]    Other:

Terrance W. Hall
U.S. Magistrate Judge

29 March 2006
Date

# United States District Court
for the
# DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| | ) | |
| DUSTIN L. ARMSTRONG | ) | |

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Dustin L. Armstrong, and in that capacity declare as follows:

On June 24, 2005, the defendant was sentenced by the Honorable G. Mallon Faircloth, U.S. Magistrate Judge in the Middle District of Georgia, Columbus Division. The defendant pled guilty to Possession of Marijuana in violation of 21 U.S.C. § 844, and was placed on 12 months probation. The court imposed mandatory, standard and a special condition. Additionally, the court ordered the defendant pay a $25 special assessment fee and a $250 fine.

In July, 2005, the defendant tested positive for the presence of amphetamine and cannabinoid-THC. The defendant was banned from residing on Fort Benning, Georgia, with his parents. Due to the defendant's ban on Fort Benning Base, the defendant's parents thought it would be in the defendant's best interest to send the defendant to live with family in Colorado.

As a courtesy, in September, 2005, the defendant's case was being supervised by the District of Colorado, Denver. On October 3, 2005, the Middle District of Georgia received a memorandum from U.S. Probation Officer Michael Wilson, District of Colorado, Denver, advising of the defendant's arrest on September 15, 2005, for Count 1: Driving Under the Influence (DUI), Count 2: Driving without Driver's License and Count 3: Underage Possession/Consumption of Alcohol, but was attending counseling. Courtesy supervision by the District of Colorado, Denver, continued, with no action taken on the arrest and eventual conviction. Subsequently, on November 18, 2005, in Washington County, Colorado, the defendant pled guilty to Count 2: Driving without Driver's License and Count 3: Underage Possession/Consumption of Alcohol. For Count 2: Driving without Driver's License, the defendant was sentenced to a pay numerous court costs, fines and surcharges, for a total of $137.58. In Count 3: the defendant received a deferred sentence, for a period of one year. The Washington County District Attorney dismissed Count 1: Driving Under the Influence.

In December, 2005, the District of Alaska, Fairbanks, was contacted by U.S. Probation Officer Michael Wilson, District of Colorado, Denver, in which it was requested the defendant be allowed to relocate with his parents to Fort Wainwright, Alaska. A letter to transfer supervision was submitted, and it was noted that in the best interest of the defendant, he be allowed to relocate to Fort Wainwright, Alaska. The defendant and his parents arrived in Fairbanks, Alaska, at which time the defendant was placed on random urinalysis monitoring.

On December 27, 2005, the defendant failed to report to the U.S. Probation Office in Fairbanks, Alaska as directed to submit a urine sample. The defendant contacted this officer by telephone and stated that he was in the hospital and that he was unable to report as directed. This officer excused the defendant from the urinalysis, but directed the defendant to provide proof of the hospital visit.

On January 5, 2006, the defendant reported to the U.S. Probation Office and admitted to this officer that he had lied about his visit to the hospital. The defendant admitted to oversleeping, and missed urinalysis.

On January 9, 2006, the defendant submitted a urine specimen which initially tested positive for the presence of marijuana. The specimen was mailed to Scientific Testing Laboratories (STL) and reported as "quantity not sufficient for analysis." The laboratory was unable to confirm the presence of THC in the submitted sample provided by the defendant.

On February 2, 2006, the defendant submitted a urine specimen which tested positive for the presence of opiates. When this officer inquired with the defendant why the test would suggest the defendant tested positive for opiates, the defendant stated he had taken a prescribed medication, Tylenol 3. This officer instructed the defendant to provide documentation from a doctor regarding the prescription, or bring in the prescription bottle, noting the defendant's name, to confirm the prescribed medication.

On February 17, 2006, the defendant reported to the U.S. Probation Office, accompanied by his father. This officer inquired why no documentation regarding the prescribed medication had been provided to this officer as instructed. The defendant admitted that he had not taken a medication that was prescribed by a medical doctor, but had taken a pill he got from a co-worker at his place of employment. This specimen has been confirmed by STL, for the presence of Hydrocodone.

Due the above noted violations, this officer recommended to the defendant to request his conditions of probation be modified to include placement at a community correctional center in Fairbanks, Alaska, until his term of probation is terminated, which is tentatively scheduled for June 23, 2006. This recommendation was forwarded to the Middle District of Georgia, Columbus Division for approval.

On February 27, 2006, this officer received a telephone call from the defendant's father, Roger Armstrong, who stated that the defendant had been kicked out of the family residence on February 25, 2006, due to Roger Armstrong finding what he believed to be a marijuana "roach" in the bottom of the defendant's cigarettes. This officer did not receive notification from the defendant himself, that he had changed residences until March 2, 2006.

On March 2, 2006, the defendant reported to the U.S. Probation Office and submitted a urine specimen, which tested positive for the presence of marijuana. The defendant admitted to smoking marijuana approximately two weeks prior. This specimen has been confirmed by STL, for the presence of cannibinoid-THC, and the level reported at 1,631 ng/mL.

Based on the two additional violations occurring on February 27 and March 2, 2006, and the defendant's disregard to keep this officer apprised of his residential whereabouts in a timely fashion, a letter was sent to the Middle District of Georgia, Columbus Division, requesting the modification of conditions be withdrawn and a warrant be issued for the defendant's arrest.

This officer was contacted by Jeannie P. Grizzard, U.S. Probation Officer on March 13, 2006, in which it was requested that a transfer of supervision from the Middle District of Georgia, Columbus Division to District of Alaska be initiated, based mainly on cost.

On March 14, 2006, this officer was contacted by telephone by Roger Armstrong, the defendant's father, who stated the defendant showed up at the Armstrong's residence at 2:30 a.m., and the defendant stated he had no where to go.

On March 24, 2006, this officer received notification from the defendant's father, Roger Armstrong, that the defendant was no longer living at their reported address on Fort Wainwright.

On March 28, 2006, this officer received a telephone call from the defendant advising this officer of his new residence.

It is this officer's opinion that the whereabouts of the defendant are unknown, and it is requested that a warrant be issued for his arrest. The defendant continues to show non-compliance for conditions of probation imposed by the Court.

Executed this 29th day of March, 2006, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Toni M. Ostanik
U.S. Probation Officer