DEBORAH M. SMITH
Acting United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:06-cr-018-TWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPPOSITION TO MOTION TO** |
| ) | **DISMISS ALLEGATIONS 2, 3, 5,** |
| DUSTIN L. ARMSTRONG, ) | **6 & 8 OF PROBATION** |
| ) | **VIOLATION PETITION** |
| Defendant, ) | |
| ) | |
| _____ ) | |

Plaintiff, the United States of America, opposes defendant's motion to dismiss

Allegations 2, 3, 5, 6 and 8 of the pending Petition to Revoke Probation.

1.   The motion should be denied as moot.  The motion does not attack all

alleged violations.  Violation #1 still stands and is sufficient to hold defendant at this stage pending final resolution of the Petition.  All the alleged violations are Grade C and carry the same penalties.  The motion is therefore moot as it does not affect any issue currently requiring decision by this Court.

    2.    The motion is moot on the further ground that the judgment provision now in issue is not contrary to any applicable authority, even in the 9th Circuit.

The United States does not dispute that <u>United States v. Stephens</u>, 424 F.3d 876 (9th Cir. 2005), would not approve the portion of the judgment in this case which put no limit on the number of statutorily required drug tests to be imposed. Judgment at 2.  That provision of the Judgment reads "at least two periodic drug tests thereafter."  This leaves it to the probation officer to determine the number of statutorily required drug tests.

However, the drug tests defendant was given in this District were not under that provision of the Judgment.  They came under the special condition requiring defendant to "participate in a program approved by the U. S. Probation Office for substance abuse testing . . .".  Judgment at 3.  <u>Stephens</u> expressly approves such a condition.  424 F.3d at 882.  <u>Stephens</u> could not do otherwise.  The Sentencing Guidelines expressly recommend exactly this condition, at § 5B1.3(d)(4):

> (d)   (Policy Statement) The following "special" conditions of probation are recommended in the circumstances described and, in addition, may otherwise be appropriate in particular cases:
>
> . . .
>
>> (4)   If the court has reason to believe that the defendant is an abuser of narcotics, or other controlled substances or alcohol – a condition requiring the defendant to participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.

The 11th Circuit, in which the court is located whose judgment is now in issue, agrees. United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006), dealt with the mental health condition of probation which is listed immediately following the drug condition just quoted, and which uses the same language requiring participation in a program "approved by the Probation Office." The court there held:

> We also affirmed . . . a condition of supervised release that required the defendant "to participate in a mental health program . . . *approved*

*by the probation officer. . . .* [W]e noted that the Sentencing Guidelines "'expressly permit[ ]' the district court to require defendants to 'participate in a mental health program approved by the United States Probation Office.'" . . . (quoting U.S.S.G. § 5B1.3(d)(5)).

At the time of all the events described in the allegations which defendant now attacks, the Probation Office here and the defendant were acting under "a condition requiring the defendant to participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol." This condition is approved by the 9th Circuit, the 11th Circuit and the Sentencing Guidelines, § 5B1.3(d)(4), and must be enforced by this Court.

3. Even if <u>Stephens</u> would disapprove the drug testing here, the motion should be denied for defendant's failure to cite any authority permitting this Court to alter or disregard the terms of the valid judgment of another federal district court. It is the movant's responsibility, not the government's, to provide that authority.

This Circuit's interpretation of what probation terms may properly be included in a judgment is not binding on the district courts in other circuits. The judgment from the Middle District of Georgia which is now being enforced in this District is

valid and entitled to full credit according to its terms. Defendant must therefore support his contention with applicable authorities showing that this Court has authority to alter or disregard the requirements of a judgment from a district court in another circuit on the basis of the rulings of this Circuit.

4. Even if the drug testing in this case were found to have been unauthorized, the two allegations of lying to the probation office would still stand. Regardless of what the subject under discussion may be, the defendant is not free to lie to the probation officer. Allegations 3 and 6, therefore, should not be disturbed.

WHEREFORE, for all the foregoing reasons, the motion to dismiss allegations 2, 3, 5, 6 & 8 should be denied.

RESPECTFULLY SUBMITTED this 11th day of April, 2006, at Fairbanks, Alaska.

DEBORAH M. SMITH
United States Attorney

/s/ STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov
AK #6911028