M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>DUSTIN L. ARMSTRONG,<br><br>     Defendant. | Case No. 4:06-cr-0018-RRB<br><br>**APPELLANT DUSTIN L.<br>ARMSTRONG'S OPENING BRIEF** |

I. <u>Statement of Jurisdiction</u>

    Mr. Armstrong appeals the revocation of his probation and sentence imposed by Magistrate Judge Terrance Hall on June 15, 2006.  (Doc. 27)  Mr. Armstrong's appeal is based on the court's denial of his Motion to Dismiss Allegations Two, Three, Five, Six, and Eight of the revocation petition.  (Exhibit A, Transcript of Revocation Hearing, Doc. 33)  On June 23, 2006, Mr. Armstrong filed a timely notice of appeal to the United States District Court for the District of Alaska.  (Doc. 30)  This court has jurisdiction to hear an appeal from a final order issued by a United States Magistrate pursuant to 18 U.S.C. § 3402.

II.    Issue Presented

Mr. Armstrong contends that this court must reverse his sentence as to Allegations Two, Three, Five, Six, and Eight of his revocation petition, as the original sentencing court impermissibly delegated its constitutional and statutory authority to the probation officer in allowing the probation officer to determine the number of random urinalysis test given to Mr. Armstrong.  He further contends that under the holding of United States v. Stephens, 424 F.3d 876 (9th Cir. 2005), en banc reh'g denied, 439 F.3d 1083 (9th Cir. 2006), the probation officer violated his Fourth Amendment right to be free from unreasonable searches and seizures, his Fifth Amendment right to due process, and his Fifth Amendment protection against double jeopardy by placing him on the random urinalysis monitoring program.  This illegality lead to evidence that formed the basis of Allegations Two, Three, Five, Six, and Eight.  Thus, Mr. Armstrong requests that his revocation and sentencing as to these five allegation be overturned and that he be resentenced on the one remaining count.

III.    Standard of Review

The denial of a motion to dismiss based on a violation of constitutional rights is reviewed de novo.  United States v. Mendoza-Ortiz, 262 F.3d 882 (9th Cir. 2001); United States v. Juan-Cruz, 314 F.3d 384, 387 (9th Cir. 2002) (due process); United States v. Price, 314 F.3d 417 (9th Cir. 2002) (double jeopardy grounds).

The legality of a sentencing court's delegation of its constitutional and statutory sentencing authority is a question of law subject to de novo review.  United States v. Colacurcio, 84 F.3d 326, 328 (9th Cir. 1996).

The trial court's underlying factual findings are reviewed for clear error. United States v. Mendoza-Ortiz, 262 F.3d 882, 885 (9th Cir. 2001).

IV.     Statement of Facts

On March 8, 2005, in the Middle District of Georgia, Columbus Division, Mr. Armstrong was charged in a single count information with violation of 21 U.S.C. § 844, simple possession of marijuana.  (Exhibit B)  On March 18, 2005, he appeared before United States Magistrate Judge G. Mallon Faircloth for arraignment on the charge.  At that time, Mr. Armstrong consented to his case proceeding before a magistrate judge and entered a plea of guilty.  He was not represented by counsel.  (Exhibit C, Docket Sheet from Middle District of Georgia)

On June 24, 2005, Mr. Armstrong was sentenced to a term of one year probation with the 13 standard conditions.  (Exhibit D, Judgement)  Pursuant to 18 U.S.C. § 3583(d), the court ordered that "[t]he defendant shall not illegally possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter."  (Exhibit D, p. 2)  The court also imposed the special condition that Mr. Armstrong "participate in a program approved by the U.S. Probation Office for substance abuse testing and, if necessary, treatment for drug/alcohol addiction and/or dependency."  (Exhibit D, p. 3)

Following his sentencing, Mr. Armstrong relocated to Colorado to reside with family.  (Exhibit A, Transcript of Revocation Hearing (hereinafter TR), p. 6)  During that

time, the U.S. Probation Office for the District of Colorado, Denver Division, performed courtesy supervision for the Middle District of Georgia.

In December 2005, Mr. Armstrong's father was transferred to Fort Wainwright in Fairbanks, Alaska. At some point prior to December 27, 2005, Mr. Armstrong's supervision was transferred to the District of Alaska. (TR, pp. 6, 9) When Mr. Armstrong arrived in Fairbanks, Alaska, he was placed on random urinalysis monitoring. (TR, p. 6)

Although Mr. Armstrong's supervision was transferred to the District of Alaska, jurisdiction was retained by the original sentencing court in the Middle District of Georgia. After several alleged violations, in March of 2006, the probation officer for the District of Alaska contacted the probation department in Georgia and requested that Mr. Armstrong be returned to their district. (TR, p. 12) However, since the alleged violation had occurred in Alaska, the Middle District of Georgia recommended that jurisdiction be transferred to Alaska. On March 29, 2006, an order regarding the transfer of jurisdiction was entered. (Doc. 1) On March 29, 2006, a petition to revoke probation was filed with this court. (Doc. 3)

As alleged in the petition to revoke at Docket 3, on December 27, 2005, as part of the random urinalysis monitoring program, Mr. Armstrong was directed to report to the U.S. Probation Office and submit a urine sample. Allegation Two charges that he failed to report. Allegation Three charges that as a direct result of his failure to report for urinalysis, he provided an untruthful explanation to the probation officer. Allegation Five alleges that on February 2, 2006, as part of the random urinalysis monitoring program, Mr. Armstrong tested positive for the presence of opiates. Allegation Six charges that as

a direct result of the alleged positive test result, he provided an untrue statement to his probation officer.  Allegation Eight alleges that on March 2, 2006, as part of the random urinalysis monitoring program, Mr. Armstrong tested positive for the presence of marijuana. (Doc. 3)

On March 30, 2006, Mr. Armstrong appeared before the Honorable Terrance Hall to answer to the petition.  Mr. Armstrong entered a denial to each allegation in the petition.  The court ordered that Mr. Armstrong be temporarily detained.  On March 31, 2006, a preliminary hearing was held.  The court found probable cause on Allegations One, Two, Three, Five, Six, and Eight of the petition.  Allegations Four and Seven were dismissed.  (Doc. 9)

On April 7, 2006, Mr. Armstrong file a timely Motion to Dismiss Allegations Two, Three, Five, Six, and Eight of the Petition to Revoke Probation.  (Doc. 10)  The government's opposition was filed on April 11, 2006.  (Doc. 12)  Although neither party requested an evidentiary hearing, the court <u>sua</u> <u>sponte</u> held a hearing on May 31, 2006, calling the probation officer as the only witness.  During the hearing, the probation officer testified that Mr. Armstrong was not in a drug or alcohol treatment program outside of the urinalysis he was subjected to by the probation department.  (TR, p.11)  The probation officer also testified that had Mr. Armstrong's judgment been issued by a court within the Ninth Circuit, the random urinalysis program would not have been in compliance with <u>United States v. Stephens</u>.  (TR, p. 20)

The court denied Mr. Armstrong's motion to dismiss noting that, because jurisdiction did not transfer to Alaska until after the alleged violation had taken place, the

"mandates in <u>Stevens</u> (sic) are not applicable in this particular case." (TR, p. 22) Following a revocation hearing, the court found Mr. Armstrong guilty of Allegations One through Three, Five, Six, and Eight.  He was sentenced to four months incarceration with eight months of supervised release to follow.  In addition, his supervised release conditions were modified to include a maximum number of drug tests that may be administered by the probation officer.  (Doc. 27)

V.    <u>Argument</u>

     A.    <u>The magistrate court erred in not dismissing the allegations in the petition that were a direct result of a violation of the defendant's constitution rights under Stephens</u>.

        In <u>United States v. Stephens</u>, the court examined whether the district court improperly delegated its judicial authority to the probation officer to determine the frequency, timing, and manner of substance abuse treatment and testing to which a defendant would be subjected during supervised release.  The court held that as part of a court-ordered treatment program, a defendant may be required to undergo regular drug testing, in addition to the mandatory three tests as order under 18 U.S.C. § 3583(d). However, the random urinalysis that was not part of a bonafide treatment program was an improper delegation of the district court's duty to set the maximum number of <u>non-treatment</u> drug test to which a defendant would be subjected during the course of supervision.  <u>Id.</u> at 878.

        Defendant Stephens was sentenced for importing marijuana in violation of 21 U.S.C. §§ 952 and 960 and one count of possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1).  As a condition of his supervised release the

court imposed the mandatory three drug tests.  The court also required him to "participate in a drug and alcohol abuse treatment and counseling program, including urinalysis testing, as directed by the Probation Officer . . ."  Id. at 879.  Upon being placed on supervised release, Stephens was placed on a random urinalysis testing program.  After several positive urine samples and four failures to report for urine testing, his supervised release was revoked.  He then appealed his sentence on the basis that the district court improperly delegated to the probation officer its authority to determine the number, frequency, timing, and manner of substance abuse testing.  The court vacated the drug testing provision and remanded the case to the district court to determine the maximum number of drug tests to which a defendant must submit.  The court held that a defendant shall not be required to take any drug tests beyond the three required by the statute unless the district court has made such a determination.  Id. at 884.

        In reaching its conclusion, the court first examined Congress's inclusion in § 3583(d) of the drug testing requirement and the parenthetical provision, "as determined by the court."  The court reasoned that the language of § 3583(d) clearly dictates that "courts themselves determine not only whether the defendant will be tested during [supervision], but the maximum number of tests as well."  Id. at 882.  The court held that "probation officers may not be vested with unlimited discretion to order drug tests given the very real consequences that may follow therefrom.  Where, as here, a probation officer can of his own accord order a test, he is subjecting the defendant to the possibility of further criminal punishment.  While allowing the probation officer to determine the timing of tests is a permissible administrative task, it is for the court to determine how many times a

defendant may be placed in jeopardy of being tested." Id. at 883.  In so ruling, the court

joined its sister circuits.  See United States v. Bonanno, 146 F.3d 502, 511 (7th Cir. 1998)

(drug testing order which required defendants to submit to urinalysis "at random . . . within

the discretion of the probation officer" was beyond the parameters of the supervised

release statute and gave the probation officer too much discretion in the management of

the drug testing order); United States v. Meldendez-Santana, 353 F.3d 93, 103 (1st Cir.

2003) (while courts need not become involved in details such as scheduling tests,

Congress assigned the court the responsibility of stating the maximum number of tests to

be performed or to set a range; they may not vest probation officers with the discretion to

order an unlimited number of drug test); and United States v. Tulloch, 380 F.3d 8, 10-11

(1st Cir. 2004) (giving probation officer discretion to order unlimited drug tests is an

improper delegation).  See also United States v. Kent, 209 F.3d 1073, 1079 (8th Cir. 2000)

(court's order that if counseling "becomes necessary" probation officer may determine

whether defendant must participate, was inconsistent with Article III because punishment

is a judicial function); United States v. Nash, 438 F.3d 1302, 1306 (11th Cir. 2006)

(condition of supervised release requiring defendant to participate in a mental health

program "as deemed necessary by the probation officer" was improper delegation of

judicial sentencing authority).

        Here, Mr. Armstrong's judgment fails to provide for further testing in addition

to the mandatory three tests.  It does, however, provide for testing in conjunction with

treatment.  The Stephens court differentiated between the two conditions of drug testing

in conjunction with drug treatment and random urinalysis performed by the probation

officer.  In Mr. Armstrong's case, he was not in a drug treatment program when subjected to the testing that lead to the allegations in the petition.  He simply was subjected to random drug testing at the discretion of the probation officer.  Under Stephens, the probation officer had no authority to require him to submit to urinalysis.  The court erred in not dismissing the allegations that were based on evidence gathered in violation of Mr. Armstrong's constitutional rights.

VI.    Conclusion

Based on the reasons stated above, Mr. Armstrong respectfully requests that Allegations Two, Three, Five, Six, and Eight be dismissed.  The evidence supporting these allegations was gathered in violation of Mr. Armstrong's constitutional rights and in direct violation of the Ninth Circuit's holding in Stephens.  Thus, Mr. Armstrong requests that his case be remanded for resentencing on the only remaining allegation, Allegation One.

DATED this 2nd day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

<u>Certification</u>:

I certify that on October 2, 2006, a copy of the
foregoing document, with attachments, was
served electronically on:

Stephen Cooper, Esq.

/s/ M. J. Haden