NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:06-cr-00018-RRB |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | **BRIEF FOR APPELLEE** |
| | ) | |
| DUSTIN L. ARMSTRONG, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Plaintiff-appellee, the United States of America, presents its Brief on this

appeal, in answer to the contentions in defendant-appellant's brief.

1

## STATEMENT OF JURISDICTION

### a.   Jurisdiction of the Magistrate Judge

The magistrate judge had jurisdiction of this probation revocation proceeding following defendant's conviction of a misdemeanor violation of 21 U.S.C. § 844, based on defendant's Consent to Proceed Before United States Magistrate Judge In A Misdemeanor Case, executed and filed on March 31, 2006 (doc. #5).

### b.   Jurisdiction of the District Court

This Court has jurisdiction of this appeal from the final Amended Judgment of the magistrate judge pursuant to 18 U.S.C. § 3402, and 28 U.S.C. § 1291.

### c.   Timeliness

The magistrate judge's Amended Judgment having been filed June 16, 2006 (doc. #27), and the Notice of Appeal having been filed June 23 (doc. #30), this appeal was timely under Rule 4(b), Federal Rules of Appellate Procedure.

## ISSUES PRESENTED FOR REVIEW

1.  Did the magistrate judge properly deny the motion to dismiss Violations 2, 3, 5, 6 and 8 and properly enter judgment on those violations, because the grounds

for the motion asserted Ninth Circuit authority that was inapplicable to defendant's violations committed under the jurisdiction of the Eleventh Circuit?

2.  Did the magistrate judge properly enter judgment on Violations 2, 3, 5, 6 and 8 because in any event those violations occurred in relation to the drug testing component of a substance abuse program and were not the result of impermissible delegation of a judicial function to the probation officer?

3.  Did the magistrate judge properly enter judgment on Violations 3 and 6 in any event, because those violations resulted from defendant's free choice to lie to the probation officer and were not compelled?

## STATEMENT OF THE CASE

On June 28, 2005, defendant was convicted before a magistrate judge in the United States District Court for the Middle District of Georgia, on his plea of guilty to one count of possession of marijuana under 21 U.S.C. § 844, and was sentenced to probation for one year.  A copy of the Judgment was filed in this Court on March 29, 2006 (doc. #1-3), with the Transfer of Jurisdiction over defendant's probation

from the Middle District of Georgia to the District of Alaska on March 29, 2006,

pursuant to 18 U.S.C. § 3605 (doc. #1-1).

All the events underlying the probation violations which defendant now attacks

occurred prior to the said Transfer of Jurisdiction to this district and this Court on

March 29, 2006.  Transcript of Revocation Hearing, May 31, 2006, filed as Exhibit

A to defendant-appellant's opening brief, 10/2/06, doc. #35, hereinafter "Tr." at 6-7.

The violations occurred during the Alaska probation officer's voluntary acceptance

of the supervision of defendant as a courtesy to the Middle District of Georgia.  The

courtesy supervision of defendant in this district during that time was subject to the

jurisdiction of the district court for the Middle District of Georgia.  Tr. 6-7, 9, 12, 21,

24.

Prior to the Transfer of Jurisdiction under 18 U.S.C. § 3605 from the Middle

District of Georgia to the District of Alaska on March 29, 2006, this district court in

Alaska lacked jurisdiction to independently supervise defendant or to entertain or

adjudicate any probation revocation petition based on defendant's December-January-

February violations either in this district or elsewhere.  Tr. 20-21.

Defendant had come to Alaska following another period of courtesy

supervision, in the District of Colorado, where he had participated in a substance

abuse program.  Tr. 6.  The drug testing involved in defendant's violations in Alaska was part of a treatment program, including counseling, that was administered by the probation office here in Alaska as a continuation of his treatment program in Colorado.  Tr. 17-18, 19, 20.  There was no countervailing evidence on this point. The probation officer's isolated opinion, Tr. 20, that she was not in compliance with Stephens (United States v. Stephens, 424 F.3d 876 (9th Cir. 2005)), being unexplained, is irrelevant and in any event is not determinative of this issue.

Following this testimony at the revocation hearing (see also Tr. 34), and based on the magistrate judge's finding that this Court lacked jurisdiction over defendant's supervision or the terms and conditions of his probation at the time of all of his alleged violations, jurisdiction over those violations having been transferred to the District of Alaska only after the violations occurred, the magistrate judge denied defendant's motion to dismiss allegations 2, 3, 5, 6 and 8.  Tr. 22-23.

The Judgment in the Middle District of Georgia which governed the supervision in this district, imposed conditions of probation which included the following mandatory condition:

The defendant shall submit to one drug test within 15 days of release

from placement on probation and at least two periodic drug tests

thereafter.

And it included the following special condition:

You shall participate in a program approved by the United States

Probation Office for substance abuse testing and, if necessary, treatment

for drug/alcohol addiction and/or dependency.

Violation 1, which defendant does not attack (driving without a license and

under-age drinking, in Colorado), followed the Georgia conviction and preceded

defendant's Alaska violations.  Amended Judgment, doc. #27; Petition for Warrant

or Summons for Offender Under Probation, March 29, 2006, doc. #3-1.  Violation 2

consisted of defendant's failure to comply with drug testing in Alaska on December

27, 2005.  Violation 3 was defendant's lying to the probation officer on January 5

("failing to answer truthfully all inquiries by the probation officer") regarding

Violation 2.  Violation 4 occurred when defendant's urinalysis was positive for

marijuana on January 9.  Violation 5 was his February 2 urinalysis that was positive

for opiates.  Violation 6 was defendant's lying to the probation officer about

Violation 5.  Violation 8 was another urinalysis that was positive for marijuana on March 2, 2006.  Tr. 25-34.

The Amended Judgment, June 16, 2006 (doc. #27), was entered on Violation 1 (not in issue on this appeal), and Violations 2, 3, 5, 6 and 8.  All are grade C violations.  The magistrate judge revoked defendant's probation and sentenced him to imprisonment for four months, followed by supervised release for eight months on all the previously imposed standard and special conditions, plus a condition for drug testing not to exceed 12 tests per month.  Id.

Defendant noticed this appeal on June 23 (doc. #30).

STANDARD OF REVIEW

In the sentencing context, questions of law are reviewed de novo, United States v. Valencia-Andrade, 72 F.3d 770, 772 (9th Cir. 1996), while findings of fact are reviewed for clear error.  United States v. Kohli, 110 F.3d 1475, 1476 (9th Cir. 1997).

When a district court does not make specific findings of fact or conclusions of law, an appellate court may nevertheless uphold the result if there is a reasonable

view of the record to support it.  <u>United States v. Twine</u>, 853 F.2d 676, 681 (9th Cir.

1988).

<u>ARGUMENT</u>

I.  <u>The Magistrate Judge Properly Denied the Motion to
Dismiss Violations 2, 3, 5, 6, and 8 and Properly Entered
Judgment on Those Violations Because The Grounds for
the Motion Asserted 9th Circuit Authority That Was
Inapplicable to Defendant's Violations Committed
Under the Jurisdiction of the Eleventh Circuit.</u>

Regardless of whether or not authority within the Ninth Circuit would

approve the drug testing here, defendant's motion to dismiss allegations 2, 3, 5, 6

and 8 was properly denied.

There is no dispute that at the time of all the violations alleged in this

proceeding, jurisdiction over the terms of defendant's probation, and over his

supervision in accordance with those terms, remained solely in the district court

for the Middle District of Georgia pursuant to 18 U.S.C. § 3605.  The probation

officer here was an agent of that court and acting entirely under its jurisdiction

when conducting the courtesy supervision during which defendant committed the charged violations.  Tr. 6-7, 24.  If the Alaska probation officer believed a modification of the conditions of probation was needed, she would have had to seek it through the district court in Georgia.  Tr. 10.  If she observed violations during the courtesy supervision, she would have had to, and did, seek to have a petition presented to the court having jurisdiction, i.e., in Georgia, Tr. 12, 20-21, because the District of Alaska had no jurisdiction, nor was the defendant subject to the "rules and regulations" of this district.  Tr. 21.

This jurisdictional arrangement is set forth in Section 3605 which provides:

**Transfer of jurisdiction over a probationer**

A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.  A later transfer of jurisdiction may be made in the same manner.  A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter

or subchapter B or D of chapter 227 [which provide authority to

impose probation or supervised release and to set the terms and

conditions thereof].

Hence, not until the Transfer of Jurisdiction had been executed in Georgia

on March 17, 2006, and accepted by this district on March 29, did the District of

Alaska first acquire jurisdiction over defendant's supervision and over the terms

of his probation.  For all legal and practical purposes, defendant's judgment from

the Middle District of Georgia (within the 11th Circuit), and his supervision

thereunder, were not subject to the interpretation or control of the courts of this

district, or of the Ninth Circuit.  His actions within Alaska and those of the

Alaska probation officer supervising him were subject to the law of the 11th

Circuit, until March 29, 2006, at which time jurisdiction was first transferred to

the District of Alaska pursuant to 18 U.S.C. § 3605.

Consequently, the rules of interpretation of the terms of probation, as

applied to defendant's behavior prior to the transfer of jurisdiction, are those of

the Middle District of Georgia and the Eleventh Circuit, to which he was legally

subject at the time regardless of where he was situated geographically, whether in

Georgia, Colorado, Alaska, or elsewhere.

Further, it is appellant's obligation to support his points on appeal with applicable authority, and this he has failed to do.  He did not contend that the terms of his Judgment were contrary to the law of the Eleventh Circuit and he offered no Eleventh Circuit authority.  His assertion of Ninth Circuit authority relating to probationary terms does not constitute authority for applying Ninth Circuit interpretations to defendant's probation violations which occurred outside the jurisdiction of the Ninth Circuit.

The magistrate judge therefore properly denied the motion to dismiss Violations 2, 3, 5, 6 and 8 and properly entered judgment on those violations, because the only grounds for the motion consisted of case law of the Ninth Circuit which was inapplicable to defendant's violations committed under the jurisdiction of the Eleventh Circuit.  This was the explicit basis for the magistrate judge's denial of the motion to dismiss. Tr. 22-23.

II.  The Magistrate Judge Properly Denied the Motion to Dismiss Violations 2, 3, 5, 6, and 8 and Properly Entered Judgment on Those Violations Because, in Any Event, Those Violations Occurred in Relation to the Testing Component of a Substance Abuse Program and Did Not Involve Impermissible Delegation of a Judicial Function.

A crucial distinction must be observed between (a) the statutorily mandated (under 18 U.S.C. § 3563(a)(5)) minimum of three drug tests which are not part of any treatment program, and (b) drug testing which is part of a court-ordered substance abuse program under 18 U.S.C. § 3563(b)(9) and U.S.S.G. §5B1.3(d)(4). ____

Even United States v. Stephens, 424 F.3d 876, 883 (9th Cir. 2005), on which defendant relies, would approve drug testing which is part of a court-ordered program, without requiring the court to set the maximum number of tests. It appears the Eleventh Circuit probably agrees. See United States v. Nash, 438 F.3d 1302, 1305 (11th Cir. 2006) (citing Stephens with approval), decided several months after entry of defendant's federal Judgment in Georgia.

____ Stephens, however, and most other circuit authority as well, would not approve the portion of the federal district court judgment from Georgia in this case which put no limit on the number of statutorily required (non-treatment program) drug tests to be imposed. Judgment at 2 (doc. #1-3). That provision of the Judgment reads "at least two periodic drug tests thereafter." This provides no maximum number of tests, and so leaves it to the probation officer to determine the number of statutorily required drug tests.

Defendant's attack here rests on the mistaken premise that the drug testing by the probation officer in Alaska was not part of a treatment program, but was apparently administered either arbitrarily and independently of any authorization in the Judgment, or else under this clause on page 2 of the Judgment imposing the statutorily mandated testing with no stated maximum number of tests. However, that Judgment, at p. 3, also imposed a special condition of probation, ordering that the defendant "shall participate in a program approved by the U. S. Probation Office for substance abuse testing and, if necessary, treatment for drug/alcohol addiction and/or dependency." This provision of the Judgment did not delegate discretion to the Probation Office to decide whether or not to put defendant through such a program. It ordered that he "shall participate" in the program.

The record here is clear that the drug tests involved in defendant's violations in Alaska were under this special condition in the Judgment. Thus they were not just "random urinalysis monitoring" unrelated to a treatment program as defendant argues. They were a component of the treatment program administered by the probation office here in Alaska as a continuation of his treatment program

in Colorado.  Tr. 17-18, 34.  The Alaska portion of the program also included

counseling.  Tr. 19, 20.

Defendant has not asserted any legal defect in the program on the ground

that it was not managed by a separate entity outside the Probation Office, and in

any event the applicable law imposes no such requirement.  It was "a program

approved by the United States Probation Office for substance abuse."  See

U.S.S.G. §5B1.3(d)(4), which expressly recommends such a condition of

probation:

> (d)    (Policy Statement) The following "special" conditions of
>
> probation are recommended in the circumstances described and, in
>
> addition, may otherwise be appropriate in particular cases:
>
> . . .
>
> > (4)    If the court has reason to believe that the defendant is an
> >
> > abuser of narcotics, or other controlled substances or
> >
> > alcohol  –    a condition requiring the defendant to
> >
> > participate in a program approved by the United States
> >
> > Probation Office for substance abuse, which program

may include testing to determine whether the defendant

has reverted to the use of drugs or alcohol.

Nor has defendant asserted, either below or on this appeal, any objection to

the special condition on p. 3 of the Judgment or to any treatment program pursuant

to that condition on any ground, such as an attack on the provision that treatment

was required only "if necessary." In fact defendant specifically recognizes that

this special condition "provide[s] for testing in conjunction with treatment."

A.O.B., p. 8.

Rather, defendant's objection is on the ground that the drug testing here was

not pursuant to this special condition at all because it was allegedly not part of a

treatment program, and it was therefore subject to the requirement that the court

must state the maximum number of statutorily mandated tests to be administered.

The defense contention is factually mistaken, and fails to acknowledge the

above-cited uncontroverted record evidence that the drug testing in Alaska was a

component of the drug treatment program that began before defendant reached the

District of Alaska and was continued here.

Because defendant did not raise below any objection to the special condition

as being an unlawful delegation rendering unlawful any testing pursuant to it, such

objection could not be asserted for the first time on this appeal, and if it were so asserted, it could not normally be reviewed unless it constituted plain error. United States v. Jordan, 256 F.3d 922, 926 (9th Cir. 2001). However, because defendant has offered no such objection either below or in his opening brief on this appeal, the issue is not before this Court and may not be considered, even if it should be raised by way of a reply brief or at oral argument. United States v. Bird, 359 F.3d 1185, 1189 n. 1 (9th Cir. 2004).

Even if defendant had asserted the point for the first time in his brief on this appeal, the meaning of that part of the special condition is not material. First, it is clear from the record below that the probation officer both understood and also applied this special condition just in the sense defendant's brief attributes to it, i.e., that it requires testing as part of a treatment program. Tr. 34, 17-18, 19, 20. Further, in United States v. Maciel-Vasquez, 458 F.3d 994, 996 (9th Cir. 2006), the court dealt with a special condition having a doubtful meaning, which was asserted for the first time on appeal, and stated:

> If it is interpreted to give the probation officer authority to designate
> drug and alcohol testing only as incidental to the treatment program,
> then there is no error under *Stephens.  Id.* at 878-79.  On the other

hand, if the challenged provision is interpreted to give the probation

officer authority to require testing apart from any treatment program,

then it is an error under *Stephens. Id.* at 882.

The court, however, held that it was unnecessary to interpret the provision because

even if it were construed to violate <u>Stephens</u>, that would not constitute plain error

requiring reversal.  Improper delegation of this kind of decision to the Probation

Office

"does not rise to the level of plain error, since it neither affects

substantial rights nor 'impugn[s] the fairness, integrity or public

reputation of the criminal proceedings as a whole.'" _____

quoting <u>United States v. Ortiz-Torres</u>, 449 F.3d 61, 75-76 (1st Cir. 2006), applying

the plain error standard of <u>United States v. Johnson</u>, 520 U.S. 461, 466-67 (1997),

to the delegation issue in relation to probation conditions.  As noted above,

defendant has not asserted any ambiguity in the wording of the special condition,

but has affirmed that the special condition required testing "in conjunction with

treatment."  A.O.B. at 8.

Thus, even under Ninth Circuit authority which defendant seeks to apply,

and apparently under Eleventh Circuit authority also, the drug testing was proper

as a component of a treatment program and did not result from an impermissible

delegation of judicial authority to the probation officer.  The record supports the

denial of the motion to dismiss on this ground and warrants affirming the denial

on such ground, even if the magistrate judge did not articulate this basis when

denying the motion.    United States v. Twine, 853 F.2d 676, 681 (9th Cir. 1988).

Accordingly, the motion to dismiss Violations 2, 3, 5, 6 and 8 was properly

denied and those violations were properly included in the Amended Judgment

which defendant now challenges.

              III.  The Magistrate Judge Properly Denied the Motion to
                   Dismiss Violations 3 and 6 and Properly Entered
                   Judgment on Those Violations in Any Event, Because
                   Those Violations Resulted From Defendant's Free
                   Choice to Lie to the Probation Officer.

Even if the drug testing in this case were found to have been unauthorized,

the two allegations of lying to the probation office would still stand.

Defendant contends that his lies were the "direct result" of the probation

officer's unauthorized drug testing.  Had there been no drug testing, defendant

would not have told these specific lies regarding the drug tests.  But it does not

follow that his lies were the "direct result" of anything but his own deliberate choice to lie. The tests were authorized, and therefore even by defendant's reasoning Violations 3 and 6 still stand. But even if the tests had not been authorized, defendant has no license to lie to his probation officer when questioned regarding his behavior, regardless of the subject upon which the probation officer chooses to question him. He is required to "answer truthfully all inquiries by the probation officer."

Allegations 3 and 6, therefore, were properly included in the Amended Judgment.

## CONCLUSION

For the foregoing reasons, the motion to dismiss was properly denied and the challenged Violations 2, 3, 5, 6 and 8 were properly included in the Amended

//

//

//

//

Judgment.

The Amended Judgment should therefore be affirmed.

RESPECTFULLY SUBMITTED this __16th_day of October, 2006, at

Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

/s/ STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone:  (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov
Alaska Bar # 6911028

Certification:

I certify that on October 16, 2006, a copy of the

foregoing document, was served electronically on:

M. J. Haden

/s/ Stephen Cooper