UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>vs.<br><br>DUSTIN L. ARMSTRONG<br><br>Defendant-Appellant. | No. 4:06-cr-00018-RRB<br><br>MEMORANDUM DECISION |

I – NATURE OF PROCEEDING

Dustin L. Armstrong ("Armstrong") appeals from the judgment of the magistrate judge entered on June 15, 2006, revoking his sentence of probation and sentencing him to four (4) months incarceration followed by eight (8) months of supervised release.[1] On June 23, 2006, Armstrong timely filed his notice of appeal to this Court.[2] Both Armstrong and the Government have filed their principal briefs and the time for filing a reply brief has lapsed. Neither party has requested oral argument and the Court has determined that oral argument would not assist in the determination of the appeal. The matter is submitted on the briefs.

II – STATEMENT OF FACTS and JURISDICTION

Armstrong was charged with a violation of 28 U.S.C. § 844 (possession of marijuana) in the Middle District of Georgia.[3] After waiving counsel and consenting to trial before a magistrate judge, Armstrong pleaded guilty and, on June 24, 2005, was sentenced to 12 months probation.[4] The sentencing court imposed 13 standard

---

[1] Docket 27.

[2] Docket 30.

[3] Docket 1-2.

[4] Docket 1-3 at 1.

conditions of probation, including the requirement he "truthfully answer all inquires by the probation officer."[5]   In addition, the Court ordered: "The defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter."[6]   Armstrong was also ordered to "participate in a program approved by the U.S. Probation Office for substance abuse testing and, if necessary, treatment for drug/alcohol addiction and/or dependency."[7]

Following sentencing, Armstrong relocated to Colorado and later, at some time prior to December 27, 2005, moved to Alaska after participating in a substance abuse program in Colorado and was placed on urinalysis monitoring by the Alaska Probation and Pretrial Services Office,[8]   The Alaska Probation office initially supervised him as a courtesy to the Middle District of Georgia.[9]   During the period following his relocation to Alaska, Armstrong allegedly violated the conditions of his probation and in early March the Alaska probation officer wrote to the Middle District of Georgia requesting that they take Armstrong back.  The Middle District of Georgia stated that since the violations had occurred in Alaska, it would be better to transfer jurisdiction to this district.[10]   Jurisdiction over the supervision of Armstrong was transferred to this district on March 29, 2006.[11]

On March 29, 2006, the Alaska Probation and Pretrial Services Office filed a petition to revoke Armstrong's probation alleging eight grounds.[12]

---

[5] *Id.* at 2.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] Appellant Dustin L. Armstrong's Opening Brief, Exhibit A, "Transcript of Proceedings," 6:8–23 (Docket 35-2 at 6); 11:8–15 (Docket 35-2 at 11).

[9] *Id.*, 24:19–24 (Docket 35-2 at 24).

[10] *Id.*, 6:23–7:2 (Docket 35-2 at 6, 7); 12:3–25 (Docket 35-2 at 12).

[11] Docket 1-1; *see* 18 U.S.C. § 3605.

[12] Docket 3 at 2–3.

1.    The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and' shall not illegally possess a controlled substance," in that on or about September 22, 2005, at or near Denver, Colorado, the defendant committed the offense's of Driving without Driver's License and Underage Possession/Consumption of Alcohol. This is a Grade C violation.

2.    The defendant has violated the Special Condition of Supervision "You shall participate in a program approved by the U.S. Probation Officer for substance abuse testing and, if necessary, treatment for drug/alcohol addiction and /or dependency," in that on or about December 27,2005, at or near Fairbanks, Alaska, the defendant failed to comply with drug testing. This is a Grade C violation.

3.    The defendant has violated the Standard Condition of Supervision number three, "The defendant shall answer truthfully all inquiries by the probation officer," in that on or about January 5,2006, the defendant failed, to answer truthfully when questioned by the probation officer. This is a Grade C violation

4.    The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally posses a controlled substance," in that on or about January 9,2006, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of marijuana. This is a Grade C violation.

5.    The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about February 2,2006, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of opiates. This is a Grade C violation.

6.    The defendant has violated Standard Condition of Supervision number three, "The defendant shall answer truthfully all inquiries by the probation officer, in that on or about February 2,2006, at or near Fairbanks, Alaska, the defendant failed to answer truthfully when questioned by the probation officer. This is a Grade C violation.

7.    The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about February 25,2006, at or near Fairbanks, Alaska, the defendant failed to notify the probation officer ten days prior to any change in residence. This is a Grade C violation.

8.    The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance", in that on or about March 2,2006, at or near Fairbanks, Alaska, the defendant submitted a urine specimen which tested positive for the presence of marijuana. This is a Grade C violation.

Armstrong consented to proceeding before a magistrate judge.[13/]  The public defender was appointed to represent Armstrong on March 30, 2006,[14/] and a preliminary hearing held on March 31 at which the magistrate judge found probable cause as to allegations 1–3, 5, 6, and 8.[15/]  Armstrong moved to dismiss allegations 2, 3, 5, 6, and 8,[16/] which the Government opposed.[17/]  On May 31, 2006, a final hearing was held on the petition at which the magistrate judge denied the motion to dismiss and found the allegations true.[18/]  Armstrong's probation was revoked and he was sentenced to four (4) months (120 days) in prison followed by eight months supervised release.[19/]

Jurisdiction over the probation revocation proceeding was proper in this district under 18 U.S.C. § 3605. The magistrate judge had jurisdiction over the probation revocation proceeding under 18 U.S.C. § 3401(b) and this Court has jurisdiction over the appeal under 18 U.S.C. § 3402, FED. R. CRIM. P. 58.

## III – ISSUES

On appeal Armstrong attacks his conviction on allegations 2, 3, 5, 6, and 8; conceding his conviction on allegation 1.  As presented by the parties the issues are:

1.    Whether the holding of the Ninth Circuit in *United States v. Stephens*, 424 F.3d 876 (9th Cir.2005), precluding delegation to the probation officer the number of non-treatment drug tests to which a defendant is to be subjected, applies; and

---

[13/] Docket 5.

[14/] Docket 6.

[15/] Docket 9.

[16/] Docket 10.

[17/] Docket 12.

[18/] Transcript of Proceedings, 22:2–23:5, 35:16–21 (Docket 35-2 at 22, 23, 35).

[19/] Transcript of Proceedings, Dockets 27, 29.

2.      If *Stephens* applies, whether the random urinalysis program to which Armstrong was subjected by the Alaska Probation Office ran afoul of the Stephens holding, *i.e.*, the random urinalysis testing occurred outside a treatment program.

## IV –  STANDARD OF REVIEW

This Court, sitting as an appellate court from a decision of a magistrate judge applies the same standard as in an appeal from the district court to the court of appeals.[20/] Thus, this Court reviews questions of law de novo and the factual findings of the magistrate judge under a clearly erroneous standard.[21/]  Moreover, this Court, sitting as an appellate court, may affirm the judgment of the magistrate judge on any ground supported by the record, even if it differs from the rationale used by the magistrate judge.[22/]

## V – DISCUSSION

The record indicates that Armstrong did not appeal from the sentence imposed by the Middle District of Georgia.  Nor does it appear from the record that Armstrong challenged the conditions of probation imposed on him by the sentencing magistrate judge at the time that sentence was pronounced.  In substance, what was presented to the magistrate judge in this case, and this Court on appeal, is a collateral attack on the sentence imposed on Armstrong by United States District Court for the Middle District of Georgia.

Although, as noted above, jurisdiction over the supervision of the probation and the revocation proceedings properly lies in this district, that does not exhaust the jurisdictional issues.  More specifically, did the magistrate judge below, or this Court on appeal, have jurisdiction to review the legality of the sentence imposed by the Middle District of Georgia?  For the reasons that follow, the Court holds that it did not.  This Court has an obligation to determine its own jurisdiction *sua sponte*.[23/]

---

[20/] FED. R. CRIM. P. 58(g)(2)(D).

[21/] *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002).

[22/] *See United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir.2006).

[23/] *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990).

The appropriate remedy for collaterally attacking a sentence is by motion brought under 28 U.S.C. § 2255 in the court that imposed the sentence,[24] in this case the Middle District of Georgia.  The general rule, at least in this circuit, is that where a challenge to a conviction is cognizable under 28 U.S.C. § 2255 other remedies are unavailable.[25]  The Ninth Circuit has specifically held that an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying sentence; the court should consider the petition for probation revocation as if the underlying sentence was unquestioned.[26]  Upon transfer, this Court was authorized "to exercise all powers over the probationer * * * that are permitted by [subchapter A of chapter 229] or subchapter B or D of chapter 227."[27]  While this Court is authorized to modify the terms of the probation upon proper motion,[28] nothing in the referenced applicable subchapters authorizes this Court to review the correctness of the sentence imposed by the Middle District of Georgia or to entertain a motion under 18 U.S.C. § 2255.

Even if the issue of the correctness of the conditions of probation imposed by the Middle District of Georgia were properly before it, this Court would be compelled to uphold the judgment of the magistrate judge.  Where a defendant fails to object to a condition of supervised release or probation at sentencing, even on direct appeal the appellate court would not review it unless it were "plain error."[29]  Although Armstrong raised the *Stephens* issue before the magistrate judge at the revocation proceedings in Alaska, unlike *Stephens*, he did not raise the issue before the sentencing magistrate judge in the Middle District of Georgia.  As the Government correctly notes, the Ninth

---

[24] *Grady v. United States*, 929 F.2d 468, 470 (9th Cir.1991).

[25] *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079–80 (9th Cir.2001) ("common law writs survive only to the extent that they fill 'gaps' in the current systems of postconviction relief ").

[26] *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir.1993); *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir.1987); *accord United States v. Hofierka*, 83 F.3d 357, 363–64 (11th Cir.1996).

[27] 18 U.S.C. § 3605.

[28] 18 U.S.C. § 3563(c).

[29] *United States v. Reardon*, 349 F.3d. 608, 618 (9th Cir.2003).

Circuit recently held in *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir.2006) that a *Stephens* error was not "plain" and it would not vacate a similar condition even if imposing the condition was error under *Stephens*. Although *Maciel-Vasquez* was decided after the magistrate judge entered the judgment from which appeal was taken, this Court must on direct review apply the law extant at the time of the decision.[30/]

## VI – CONCLUSION

For the foregoing reasons, the judgment of the magistrate judge is AFFIRMED.

Dated:        December 6, 2006

s/_____
RALPH R. BEISTLINE
United States District Court

---

[30/] *Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281 (1969) ("[t]he general rule, however, is that an appellate court must apply the law in effect at the time it renders its decision").